IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Joseph S. Addison, | : | |
| | : | Case No. 1:21-cv-553 |
| Petitioner, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Warden, Chillicothe Correctional | : | Recommendation |
| Institution, | : | |
| | : | |
| Respondent. | : | |

Petitioner Joseph S. Addison filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus challenging his state court conviction for several counts of rape and gross sexual imposition against his daughters. (Doc. 1.) The Warden then filed a Return of Writ, and Addison filed a Reply. (Docs. 7, 9.) This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Stephanie K. Bowman in which she recommended denying the Petition. (Doc. 10.) Addison timely filed Objections to the Report and Recommendation. (Doc. 12.) For the reasons that follow, the Court will **ADOPT** the Report and Recommendation, **OVERRULE** the Objections, and **DENY** the Petition.

I.  STANDARD OF LAW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir.

2003). "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

## II.    ANALYSIS

Addison has objected to the Magistrate Judge's recommendation to deny the Petition in full. The Magistrate Judge made her recommendation after summarizing the case's factual background and the state court procedural history. She examined claims one through five pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), because Addison had raised these claims in his state court appeal and the state court denied each on the merits. The Court has reviewed the underlying state court record, examined the relevant case law, and considered Addison's objections. The objections lack merit. The Magistrate Judge correctly determined that the state court decisions on claims one through five were not contrary to or an unreasonable application of federal law, nor were they based on unreasonable determinations of facts in light of the evidence.

Likewise, the Magistrate Judge correctly determined that claims seven through twelve were barred by procedural default. Addison did not fairly present the claims to the state courts on direct appeal. Further, he did not establish that his appellate attorney rendered such ineffective assistance of counsel as to provide cause and prejudice to excuse to the procedural default. Finally, the Magistrate Judge correctly determined that claim six—a freestanding ineffective assistance of appellate counsel claim—failed because Addison did not establish that his appellate counsel provided unconstitutionally deficient representation, nor that prejudice

resulted therefrom. Addison's objections to the contrary do no withstand scrutiny.

### III. CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. 10) is **ADOPTED**, and Addison's Objections (Doc. 12) are **OVERRULED**. Addison's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Court will not issue a certificate of appealability as to any claims in the Petition because Addison has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge